IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

V.                                                                         NO. 3:25-CV-317-DMB-JMV

KADEDRA KIMBLE                                                                        DEFENDANT

## ORDER

On October 28, 2025, the United States of America filed a complaint against Kadedra Kimble in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act … and to recover money for common law or equitable causes of action for payment by mistake and based upon Kimble's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at 1. The complaint alleges that Kimble, based on misrepresentations, received a PPP loan in the amount of $20,688.00, for which the Small Business Administration ("SBA") paid $2,500.00 in processing fees to the financial institution involved, and that based on false representations by Kimble, the SBA forgave the loan. *Id*. at 6.

On November 21, 2025, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a Consent Judgment on the terms provided in the proposed Consent Judgment." Doc. #4 at PageID 16. The joint motion is signed by the United States and by Kimble, *id.*, as is the proposed consent judgment.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of

>giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Kimble to pay $23,275.85 plus interest and a $405 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. So, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The Court will execute and enter the proposed consent judgment.

**SO ORDERED**, this 24th day of November, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**